IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS F.B.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | Civil No. 1:26-cv-09008-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 204-365-230 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jesus F.B.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. Petitioner entered the United States without inspection in 2003. Dkt. No. 8-1, at pg. 1. According to Petitioner, he entered the United States as a minor and obtained Deferred Action for Childhood Arrivals (DACA). Dkt. No. 1, at pg. 7.

On August 31, 2026, immigration authorities encountered Petitioner during a traffic stop and detained him. He has been detained ever since. Dkt. No. 8-1, at pg. 2.

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction arguing that he is being detained in violation of the Fifth Amendment's Due Process Clause. Dkt. No. 1, at pgs. 6, 8. On November 17, 2026, the court issued an order to show cause calling on Respondent to address "whether there are any factual or legal issues in this case that render it distinguishable from [*E.E.F. v. Warden, Mesa Verde ICE Processing. Ctr.*, No. 1:26-cv-09061, 2026 WL 3390494 (E.D. Cal. Nov. 9, 2026)]." Dkt. No. 9. In *E.E.F.*, the court agreed with numerous other courts in concluding that DACA recipients possess a protected liberty interest. *Id.* at *2. And because the *E.E.F.* petitioner did not receive pre-deprivation process before his arrest and detention, the court ordered his immediate release. *Id.* at *4.

The court appreciates Respondent's timely and candid response. Dkt. No. 10. While Respondent notes that Petitioner's DACA status expired in 2021, and Petitioner was convicted of DUI in 2023, these events do not change the fact that Petitioner had a protected liberty interest prior to his detention in August 2026. Indeed, Respondent acknowledges that "the facts of this case may fall into this Court's 'liberty interest' category of cases." *Id.* at pg. 1.

Given that Respondent has not meaningfully distinguished this case from *E.E.F.*, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Petitioner's first claim for relief. Because it is unnecessary to resolve the other counts in the petition, the court declines to do so. Respondent is ORDERED to

immediately release Petitioner from their custody. Respondent shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondent is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

IT IS SO ORDERED.

DATED: November 20, 2026, at Honolulu, Hawai'i.

UNITED STATES DISTRICT COURT · DISTRICT OF HAWAII

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge